IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS DEWAYNE ELLASON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-CV-510-Y |
| § | |
| LORIE DAVIS, Director,[1] § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Thomas Dewayne Ellason, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After having considered the pleadings, state-court records, and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as untimely.

### I. Factual and Procedural History

Petitioner is serving a life sentence on his 1987 Tarrant County conviction for capital murder in Case No. 0295331D for an offense occurring on October 28, 1986. (Pet. 2, ECF No. 1.)

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

Petitioner was originally sentenced to death, but his sentence was reformed to life imprisonment. (Resp't's Answer, Ex. A, ECF No. 10-1.) Petitioner has never been released from TDCJ on parole or mandatory supervision. He is ineligible for mandatory supervision and has been denied parole on three occasions. (Resp't's Answer, Ex. A, ECF No. 10-1.) By way of the instant petition, he challenges the September 5, 2013 denial of parole. (Pet. 6, ECF No. 1.) The Texas Board of Pardons and Paroles (BOP) denied parole for the following reasons:

> 2D. The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon.
> 7D. The record indicates that length of time served by the inmate is not congruent with offense severity and criminal history.

TDCJ's Offender Information Details, Parole Review Information, at http://www.tdcj.texas.gov/OffenderSearch. Petitioner was notified of the denial on September 6, 2015. (Resp't's Answer, Ex. A, ECF No. 10-1.) Petitioner is currently in the parole-review process for the fourth time.

   Petitioner claims the BOP has violated his constitutional rights by denying him placement in rehabilitation programs until he is within two years of discharge; by denying him parole each time based on the same "standardized" reasons; by making him serve time

2

that he has earned through good-time and work-time credits without compensation; by denying him a fair and unbiased hearing; and by denying access to and placing incorrect and defamatory information in the files of eligible parolees. (Pet'r's Mem. 1-9, ECF No. 1.) He also claims judicial misconduct of judicial ministerial duties. (Pet. 7, ECF No. 1.)

## II. Rule 5 Statement

Respondent believes that, although the petition is not successive and Petitioner has exhausted his state remedies, the petition is time-barred. (Resp't's Answer 4, ECF No. 10.)

## III. Discussion

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

3

>       Court, if that right has been newly recognized by
> the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
>       (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed
> application for State post-conviction or other collateral
> review with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), which is applicable to this case, the limitations period began to run on the date on which Petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims--on September 6, 2013, the date he received notice of the BOP's decision--and expired one year later on September 6, 2014, subject to any applicable tolling.

Petitioner's state habeas application filed on March 18, 2015, after limitations had already expired, did not toll limitations for purposes of § 2244(d)(2). *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances such as when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or when he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013);

4

*Holland v. Florida*, 560 U.S. 631 , 649 (2010). Petitioner does not challenge his conviction and he did not reply to Respondent's answer on the issue of limitations or tolling. Thus, he has failed to demonstrate that he was prevented in any way from asserting his rights in federal court.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DISMISSED as time-barred. A certificate of appealability is DENIED.

SIGNED May 27, 2016.

                                                TERRY R. MEANS
                                                UNITED STATES DISTRICT JUDGE